IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHELLE LEE SIMS, on behalf of others similarly situated, § § § Plaintiff, § § v. § § EVENT OPERATIONS GROUP, § INC., AND MIKE JONES, § § Defendants. | CIVIL ACTION NO. _____ |

## COMPLAINT

COMES NOW the Plaintiff, Michelle Lee Sims, by and through her counsel, for her Complaint against Defendants Event Operations Group, Inc. (hereinafter "EOG") and Mike Jones, (hereinafter "Jones"), seeking to recover unpaid overtime compensation under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby states and alleges as follows:

## INTRODUCTION

1. This is a representative action brought pursuant to FLSA § 216 (b) by Plaintiff on behalf of herself and all other similarly situated <u>hourly paid</u> current and former employees of Defendants rented, leased, or

contracted to Defendants' customers since September 4, 2014, including but not limited to those serving as customer service, ushers, security, guards, gate supervisors, event managers, or the like.

2. Defendant EOG and its owner Defendant Mike Jones offer event services in the form of staffing to fulfill their customers' needs for parking lot security, security in general, customer service, etc. Examples of events where Defendants' employees are assigned include races, concerts, football games, etc. In addition, Defendants supply staff on a regular and recurring basis to customers such as Publix, Walmart, The McWane Center, etc. The complained of unlawful compensation practices at issue in this Complaint have affected Defendants' present and former employees assigned to these locations or customers.

3. Defendants uniformly deny overtime premium pay to the hourly paid workers they supply to their customers by requiring "non-exempt" employees to work without receiving overtime compensation for all hours worked over forty (40) in a week. Defendants' deliberate failure to pay these employees and Plaintiff overtime compensation violates federal law, as set out in the Fair Labor Standards Act. *See* 29 CFR 541.600.

4. Plaintiffs and others similarly situated perform multiple tasks

but are all victims of the same illegal policy and practice of failing to pay for resulting overtime at legally prescribed rates.

## JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. The Court has subject matter jurisdiction over Plaintiff's FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), because Defendant EOG operates in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

7. Defendant EOG maintains its principal place of business in Alabama.

8. Defendant Mike Jones resides in Alabama.

9. Defendant EOG's website states its corporate office is located at 300 Applegate Lane, Pelham, Alabama 35129. The Secretary of State's website identities Michael Jones as Defendant EOG's registered agent located at 210 Bearden Rd., Pelham, Alabama. LEXIS identifies a

residence for Defendant Mike Jones at 3 Environs Pkwy Helena, AL 35080-7200. Upon information and belief, both Defendants are currently avoiding process servers in other matters.

10. Plaintiff is a resident and domiciled in the State of Alabama.

## GENERAL ALLEGATIONS

11. Defendants have employed Plaintiff Sims since September of 2015. Defendants EOG and Jones are Plaintiff's employers, co-employers, and or joint employers under the FLSA.

12. Plaintiff is and was paid on an hourly basis by Defendant EOG receiving W-2 tax forms annually from the same. Defendant Jones is an owner and corporate officer of Defendant EOG. In addition:

   a. During the relevant liability period, Defendant Jones had day-to-day operational control of EOG and EOG's financial affairs including matters concerning employee compensation;

   b. During the relevant liability period, Defendant Jones had the ability to cause Defendant EOG to compensate the Plaintiff and other's similarly situated in accordance with the FLSA, or in the alternative, not compensate them in accordance with the FLSA;

4

    c. The erroneous acts or omissions of Defendant Jones directly caused the violations at issue. In the alternative, if his acts or inaction was willful, Defendant Jones intentionally caused the violations at issue.

    d. Under Eleventh Circuit precedent, Defendant Jones and Defendant EOG are both liable, jointly and severally, for the violations of the FLSA alleged herein.

13. While working for Defendants, Plaintiff Sims was assigned to and performed services on Defendants' behalf at: Barber Motor Sports, Pelham High School, The University of Alabama, Auburn University, the BJCC, Iron City, Samford University, Miles College, the City of Vestavia Hills, and the McWane Center.

14. Since December of 2015, Defendant EOG has assigned Plaintiff to work primarily at the McWane Center in downtown Birmingham.

15. Plaintiff's time was recorded on a weekly basis, along with the times of other hourly workers assigned to Defendants' customers, and she and others were paid for this time at straight time hourly rates only.

16. Under Defendants' method of compensating the employees it assigns to its customers, when working in excess of forty hours in a week,

5

Plaintiff and others similarly situated were not compensated at the rate of time and a half their regular rate of pay for overtime hours.

17. During her employment, Plaintiff Sims was illegally denied overtime compensation for more than 310 hours where in the weeks the work was performed those hours were worked in excess of forty hours in a week.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

18. Plaintiff reasserts and incorporates by reference paragraphs 1 - 17 as set forth above as if fully restated herein.

19. At all material times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

20. Plaintiff was a victim of a uniform and company-wide compensation policy and practice, in violation of the FLSA.

21. Defendants violated the FLSA by failing to pay compensation to Plaintiff and others similarly situated for the overtime hours they worked.

22. Defendant EOG's payroll and or time records during the relevant liability period evidence there are other hourly paid workers who

perform work similar to Plaintiff Sims, but at other locations and/or events, who were only paid straight time rates for all or part of the hours they worked in excess of 40 in a week. The FLSA regulates, among other things, the payment of wages, including overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

23. Defendant EOG operates on a national basis and was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce.

24. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff Sims. Accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA.

25. Defendants' failure to accurately pay overtime premium rates was willfully perpetrated. Defendant has not acted in good faith, nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an

amount equal to the amount of unpaid overtime premium pay described above. Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime premium wages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

26. As a result of the aforesaid willful violations of the FLSA's overtime provisions, compensation has been unlawfully withheld by Defendants from Plaintiff, for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

27. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA. Evidence of this intent or reckless disregard is found in this Court's docket for the case *Ryan, et al. v. Event Operations Group, Inc.*, wherein as early as 2012 Defendant EOG admits under its system of compensation certain employees similar to Plaintiff Sims were also not paid overtime pay at legally prescribed rates, yet this practice continues still today.

28. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in prosecuting an action for unpaid wages and overtime wages.

**WHEREFORE**, it is respectfully prayed that this Court grant to the Plaintiff Sims the following relief:

A. At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former Event Operations Group, Inc. employees described above. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt-in" to this action if they did not receive compensation at the rate of time and one half their regular rate of pay for hours worked in excess of 40 in a week;

B. Issue an Order, pursuant to the Declaratory Judgment Act, 28 §§ 2201-2202, declaring that Defendant EOG's actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations;

C. Issue an Order directing and requiring Defendant EOG and Defendant Mike Jones to pay Plaintiff and all others similarly situated,

damages in the form of reimbursement for unpaid overtime premium wages;

D. Issue an Order directing and requiring Defendant EOG and/or Mike Jones to pay Plaintiff and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtime wages owed to them;

E. Issue an Order directing Defendant EOG and/or Defendant Mike Jones to reimburse Plaintiff and other similarly situated employees for the costs and attorneys' fees expended in the course of litigating this action, together with pre-judgment and post-judgment interest; and

F. Provide Plaintiff with such other and further relief, as the Court deems just and equitable.

Dated: September 1, 2017               Respectfully submitted,

                                       /s/ Robert J. Camp
                                       **ROBERT J. CAMP**
                                       rcamp@wigginschilds.com
                                       **WIGGINS, CHILDS, QUINN,**
                                       **PANTAZIS & GOLDFARB, LLC**
                                       The Kress Building
                                       301 19th Street North
                                       Birmingham, AL 35203
                                       (205) 314-0500 – Phone
                                       (205) 254-1500 – Facsimile