FILED
2018 Feb-01 PM 03:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MICHELLE LEE SIMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **2:17-cv-01489-JHE** |
| **EVENT OPERATIONS GROUP, INC., AND MIKE JONES,** | § | |
| | § | |
| | § | |
| **Defendants.** | | |

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, Michelle Lee Sims, by and through her counsel, for her Complaint against Defendants Event Operations Group, Inc. (hereinafter "EOG") and Mike Jones, (hereinafter "Jones"), seeks to recover for unpaid overtime compensation and retaliatory discharge, both arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.* Plaintiff hereby states and alleges as follows:

## INTRODUCTION

1. Defendant EOG and its owner Defendant Mike Jones offer event services in the form of staffing to fulfill their customers' needs for parking lot security, security in general, customer service, etc. Examples of events where

Defendants' employees are assigned include races, concerts, football games, etc. In addition, Defendants supply staff on a regular and recurring basis to customers such as Publix, Walmart, The McWane Center, etc. The complained of unlawful compensation practices at issue in this Complaint have affected Defendants' present and former employees assigned to these locations or customers.

2. Defendants uniformly deny overtime premium pay to the hourly paid workers they supply to their customers by requiring "non-exempt" employees to work without receiving overtime compensation for all hours worked over forty (40) in a week. Defendants' deliberate failure to pay Plaintiff overtime compensation violates federal law, as set out in the Fair Labor Standards Act. *See* 29 CFR 541.600.

**JURISDICTION AND VENUE**

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. The Court has subject matter jurisdiction over Plaintiff's FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), because Defendant EOG and Defendant Jones operate in this district

and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

**PARTIES**

5. Defendant EOG maintains its principal place of business in Alabama.

6. Defendant Mike Jones resides in Alabama.

7. Defendant EOG's corporate office is located at 334 Business Circle, Suite E, Pelham, Alabama 35124.

8. Plaintiff is a resident and domiciled in the State of Alabama.

**GENERAL ALLEGATIONS**

9. Defendant EOG is Plaintiff Sims former employer. Plaintiff worked for Defendant EOG from August or September of 2015 until her termination.

10. By virtue of Defendant Jones' status as an owner and corporate officer of Defendant EOG and his day-to-day control of its operations and finances, Defendant Jones was Plaintiff's employer, co-employer, and or joint employer under the FLSA.

11. Plaintiff is and was paid on an hourly basis by Defendant EOG receiving W-2 tax forms annually from the same. As previously stated,

Defendant Jones is an owner and corporate officer of Defendant EOG. In addition:

    a. During the relevant liability period, Defendant Jones had day-to-day operational control of EOG and EOG's financial affairs including matters concerning employee compensation;

    b. During the relevant liability period, Defendant Jones had the ability to cause Defendant EOG to compensate the Plaintiff in accordance with the FLSA, or in the alternative, not compensate them in accordance with the FLSA;

    c. The erroneous acts or omissions of Defendant Jones directly caused the violations at issue. In the alternative, if his acts or inaction was willful, Defendant Jones intentionally caused the violations at issue.

    d. Under Eleventh Circuit precedent, Defendant Jones and Defendant EOG are both liable, jointly and severally, for the violations of the FLSA alleged herein.

12. While working for Defendants, Plaintiff Sims was assigned to and performed services on Defendants' behalf at: Barber Motor Sports, Pelham High School, The University of Alabama, Auburn University, the

BJCC, Iron City, Samford University, Miles College, the City of Vestavia Hills, and the McWane Center.

13. Since December of 2015, Defendant EOG has assigned Plaintiff to work primarily at the McWane Center in downtown Birmingham.

14. Plaintiff's time was recorded on a weekly basis, along with the times of other hourly workers assigned to Defendants' customers, and she and others were paid for this time at straight time hourly rates only.

15. Under Defendants' method of compensating Plaintiff, when working in excess of forty (40) hours in a week she was not compensated at the rate of time and a half her regular rate of pay for overtime hours.

16. During her employment, Plaintiff Sims worked no less than 310 overtime hours, those in excess of forty (40) in a week, for which she did not receive overtime compensation.

**COUNT I**

**Violation of the Fair Labor Standards Act of 1938**

17. Plaintiff reasserts and incorporates by reference paragraphs 1 - 16 as set forth above as if fully restated herein.

18. At all material times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et*

*seq.*

19. Defendants violated the FLSA by failing to pay Plaintiff compensation at appropriate rates for the overtime hours she worked.

20. The FLSA regulates, among other things, the payment of wages, including overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

21. Defendant EOG operates on a national basis and was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce.

22. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff Sims. Accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA.

23. Defendants' failure to accurately pay overtime premium rates was willfully perpetrated. Defendants have not acted in good faith, nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award

of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above. Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime premium wages, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

24. As a result of the aforesaid willful violations of the FLSA's overtime provisions, compensation has been unlawfully withheld by Defendants from Plaintiff, for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

25. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus liquidated damages because Defendants acted willfully and knew, or showed reckless disregard of whether, their conduct was prohibited by the FLSA. Evidence of this intent or reckless disregard is found in this Court's docket for the case *Ryan, et al. v. Event Operations Group, Inc.*, wherein as early as 2012, Defendant EOG admits under its system of compensation other employees similar to Plaintiff Sims were not paid overtime pay at legally prescribed rates. Yet this practice continues still today.

26. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are

entitled to reimbursement of the costs and attorneys' fees expended in prosecuting an action for unpaid wages and overtime wages.

**COUNT II**
**Violation of the Anti-retaliation Provisions of the Fair Labor Standards Act of 1938**

27. Plaintiff Sims had good job performance with little to no negative feedback from her supervisors or the customers to which she was assigned.

28. Plaintiff Sims filed her initial complaint September 1, 2017.

29. Prior to Plaintiff Sims' termination, Defendants received notice that she had filed her lawsuit claiming unpaid overtime compensation.

30. After learning of the filing, Defendants terminated Plaintiff Sims' employment advising her that her services were no longer needed because she had caused Defendants to lose the contract at the McWane Center.

31. In the past if an assignment was completed, Plaintiff Sims was sent to Defendants' other customers and she remained in Defendants' system eligible for assignment, but not this time.

32. Instead, Plaintiff Sims was deemed by Defendants as no longer eligible for reassignment.

33. Based on these facts, Defendants terminated Plaintiff Sims as retaliation for her engaging in protective activity, specifically, filing a case

to enforce her rights and others under the FLSA.

34.     As a result of the retaliatory conduct, Plaintiff Sims is entitled to lost wages, liquidated damages, and compensatory damages.

35.     Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiff Sims is entitled to reimbursement of the costs and attorneys' fees expended in prosecuting an action for retaliation in violation of the FLSA.

**WHEREFORE**, it is respectfully prayed that this Court grant to the Plaintiff Sims the following relief:

A.     Issue an Order, pursuant to the Declaratory Judgment Act, 28 §§ 2201-2202, declaring that Defendant EOG's actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations;

B.     Issue an Order directing and requiring Defendant EOG and Defendant Mike Jones to pay Plaintiff damages in the form of reimbursement for unpaid overtime premium wages;

C.     Issue an Order directing and requiring Defendant EOG and/or Mike Jones to pay Plaintiff liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtime wages owed to her;

D. Issue an Order directing and requiring Defendant EOG and Defendant Mike Jones to pay Plaintiff Sims lost wages, liquidated damages, and compensatory damages associated with the defendants' illegal retaliation;

E. Issue an Order directing Defendant EOG and/or Defendant Mike Jones to reimburse Plaintiff for the costs and attorneys' fees expended in the course of litigating this action, together with pre-judgment and post-judgment interest; and

F. Provide Plaintiff with such other and further relief, as the Court deems just and equitable.

Dated: February 1, 2018 Respectfully submitted,

/s/ Robert J. Camp
**ROBERT J. CAMP**
rcamp@wigginschilds.com
**WIGGINS, CHILDS, QUINN, PANTAZIS & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500 – Phone
(205) 254-1500 – Facsimile

CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2018, I served the foregoing on the following via filing with the Court's ECF e-filing system:

Frederick M. Garfield
Spain & Gillon, LLC
The Zinger Building
2117 Second Avenue North
Birmingham, AL 35203
fmg@spain-gillon.com

/s/ *Robert J. Camp*
OF COUNSEL