# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHELLE LEE SIMS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.** |
| | § | **2:17-cv-01489-JHE** |
| **EVENT OPERATIONS GROUP,** | § | |
| **INC., et al.,** | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED SUPPORTING BRIEF

Robert J. Camp

Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

**ATTORNEY FOR PLAINTIFF**

## TABLE OF CONTENTS

**PAGE NO.**

I. INTRODUCTION…………………………………………………….. 1

II. PLAINTIFF'S STATEMENT OF FACTS…………………………………………….... ................................. 1

III. ARGUMENT IN SUPPORT OF SUMMARY JUDGMENT…....................... 9

    A. DEFENDANT EOG OWES PLAINTIFF SIMS UNPAID OVERTIME COMPENSATION………...................................................... 9

    B. DEFENDANT EOG OWES PLAINTIFF SIMS LIQUIDATED DAMAGES..…………….................................................... 11

    C. DEFENDANT MIKE JONES EMPLOYED PLAINTIFF SIMS TOO..……………..................................................... 13

    D. DEFENDANT MIKE JONES OWES PLAINTIFF SIMS UNPAID FLSA DAMAGES..……………….................................................. 14

IV. CLOSING…………………………………………………... ……..14

CERTIFICATE OF SERVICE…………………………………….………....16

## TABLE OF AUTHORITIES

**PAGE NO.**

*Allen v. Bd. of Pub. Educ.*,
495 F.3d 1306 (11th Cir. 2007)……………………………………………..10

*Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*,
515 F.3d 1150 (11th Cir. 2008)……………………………………………9

*Barcellona v. Tiffany English Pub, Inc.*,
597 F.2d 464 (5th Cir. 1979)……………………………………………..12

*Bernard v. IBP, Inc. of Nebraska*,
154 F.3d 259 (5th Cir. 1999)……………………………...…………………9

*Bujalski v. Kozy's Rest., Inc.*,
2017 U.S. Dist. LEXIS 1403 (N.D. Ala. Jan. 5, 2017)…...……..………………21

*C.D. Joiner v. City of Macon*,
814 F.2d 1537 (11th Cir. 1987)……….……………………………………23

*Click v. Holland Delivery Sols., LLC*,
2012 U.S. Dist. LEXIS 155853 (N.D. Ala. Oct. 31, 2012)…………………….13

*Donovan v. Janitorial Servs., Inc.*,
672 F.2d 528 (5th Cir. 1982)…………………………………..………13-14

*Holder v. MJDE Venture, LLC*,
2009 U.S. Dist. LEXIS 111353 (N.D. Ga. Nov. 30, 2009)……...……………..12

*LeCompte v. Chrysler Credit Corp.*,
780 F.2d 1260 (5th Cir. 1986)……………………………...…………………9

*Meeks v. Nocco*,
2016 U.S. Dis. LEXIS 1115261 (M.D. Fla. Aug. 29, 2016)…………...………..11

*Morgan v. Family Dollar Stores, Inc.*,
551 F.3d 1233 (11th Cir. 2008)……………………………………...…9-10

*Olivas v. A Little Havana Check Cash, Inc.,*
    324 Fed. App'x 839 (11th Cir. 2009)…………………………………....……..13

*Patel v. Quality Inn South,*
    846 F.2d 700 (11th Cir. 1988)………..…………….………………….....……..13

*Patel v. Wargo,*
    803 F.2d 632 (11th Cir. 1986)………………………………………………..13-14

*Perez v. Palermo Seafood, Inc.,*
    548 F. Supp. 2d 1340 (S.D. Fla. 2008).……………....……………………….…12

*Reeves v. Int'l Tel & Tel. Corp.,*
    616 F.2d 1342 (5th Cir. 1980)…………………………………………………11

*United States v. Rosenwasser,*
    323 U.S. 360 (1945)………………………………………….….………….13

## STATUTES:

Fair Labor Standards Act ("FLSA")……………………………………….…passim

I. **INTRODUCTION**

The named plaintiff was assigned by Defendant Event Operations Group, LLC (hereafter "EOG") to its client businesses around the Birmingham Alabama area to work as a customer service representative and/or security guard. Plaintiff Sims was paid hourly, she routinely worked over forty (40) hours in a week, and she was paid her "straight time" regular hourly rate for all hours worked. Never did Defendant EOG pay Plaintiff Sims overtime compensation at the rates prescribed under the Fair Labor Standards Act of 1938 (hereafter "FLSA").

Defendant Mike Jones is the owner of Defendant EOG and a corporate officer. Defendant Jones controls the day-to-day operations of Defendant EOG including matters related to employee compensation. Defendant Jones had the authority to direct Defendant EOG to pay Plaintiff Sims overtime compensation and the authority to direct it to withhold the same. Defendant Mike Jones is Plaintiff Sims' employer, no different than Defendant EOG, and each are jointly and severally liable for her FLSA damages.

Plaintiff Sims moves this Court, under Rule 56 of the Federal Rules of Civil Procedure, for an order of summary judgment on these issues: a) Plaintiff Sims' entitlement to unpaid overtime compensation, b) the amount of unpaid compensation she is owed, c) whether liquidated damages are appropriate, d) what amount of liquidated damages are appropriate, e) whether Defendant Mike Jones was Plaintiff Sims' employer under the FLSA, f) whether Defendant Mike Jones is jointly and

severally liable for the FLSA damages owed to Plaintiff Sims under the Act. This motion is supported by the following brief and evidentiary submission (Doc. 25).

## II. PLAINTIFF'S STATEMENT OF FACTS

1. Defendant Event Operation Group, Inc. (hereafter "EOG") employed Plaintiff Sims from August 11, 2015 until her termination. Doc. 10, Defendants' Answer to Plaintiff's First Amended Complaint; Doc. 15, Second Amended Complaint, ¶ 9; Doc. 16, Defendants' Answer, ¶ 9; *See also* these excerpts cut respectively from Plaintiff's Second Amended Complaint, Defendants' Answer thereto, and Defendant's Answer to Plaintiff's First Amended Complaint:

> 9. Defendant EOG is Plaintiff Sims former employer. Plaintiff worked for Defendant EOG from August or September of 2015 until her termination.

Doc. 15, p. 3.

> 9. Admit averments of paragraph 9 of Plaintiff's Second Amended Complaint.

Doc. 16, p. 5.

> 11. Defendants deny the strict averments and allegations contained in paragraph 11 of Plaintiff's Complaint and demand strict proof thereof. For further answer thereto, Defendants would state that the hire date for Plaintiff in the EOG payroll system would report Plaintiff's hire date as August 11, 2015. For

Doc. 10, p. 5.

2

2. Defendant EOG assigned Plaintiff to work at various events and locations. Doc. 15, Second Amended Complaint, ¶¶ 12-13; Doc. 16, Defendants' Answer, ¶¶ 12-13; *See also* these excerpts cut respectively from Plaintiff's Second Amended Complaint, Defendants' Answer thereto, and Defendant's Answer to Plaintiff's First Amended Complaint:

> 12. While working for Defendants, Plaintiff Sims was assigned to and performed services on Defendants' behalf at: Barber Motor Sports, Pelham High School, The University of Alabama, Auburn University, the BJCC, Iron City, Samford University, Miles College, the City of Vestavia Hills, and the McWane Center.
>
> 13. Since December of 2015, Defendant EOG has assigned Plaintiff to work primarily at the McWane Center in downtown Birmingham.

Doc. 15, pp. 4-5.

> 12. Defendants admit the factual averments contained in paragraph 12 of Plaintiff's Second Amended Complaint.
>
> 13. Defendants admit the factual averments contained in paragraph 13 of Plaintiff's Second Amended Complaint and for further answer thereto would state that Plaintiff was assigned to the supervision of and managed by Regional Director John Birchfield and Derek Blumstein.

Doc. 16, pp. 5-6.

3. Defendant EOG is an "enterprise" engaged in commerce as defined under the Fair Labor Standards Act of 1938 (hereafter "FLSA") and subject to the overtime pay requirements of the same. Doc. 15, Second Amended Complaint, ¶ 21; Doc. 16,

Defendants' Answer, ¶ 21; *See also* these excerpts cut respectively from Plaintiff's Second Amended Complaint and Defendants' Answer thereto:

> 21. Defendant EOG operates on a national basis and was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce.

Doc. 15, p. 6.

> 21. Defendants admit the averments contained in paragraph 21 of Plaintiff's Second Amended Complaint.

Doc. 16, p. 8.

4. Plaintiff Sims was paid by Defendant EOG on an hourly basis. Doc. 15, Second Amended Complaint, ¶ 11; Doc. 16, Defendants' Answer, ¶ 11; *See also* the following excerpt cut from Defendants' Answer to Plaintiff's Second Amended Complaint:

> 11. For answer to paragraph 11 of Plaintiff's Second Amended Complaint, Defendants would admit that Plaintiff was paid on an hourly basis by Defendants EOG, receiving W-2 tax forms periodically from Defendants EOG. Defendants would further admit that Defendant Jones is an owner and corporate officer of Defendant EOG.

Doc. 16, p. 5.

5. Plaintiff Sims' time was recorded weekly and she was paid "straight time" hourly rates for all hours worked. Doc. 25-1, Amended Declaration of M. Sims, p. 4 at ¶ 15; Doc. 15, Second Amended Complaint, ¶ 14; Doc. 16, Defendants' Answer, ¶ 14;

*See also* these excerpts cut respectively from Plaintiff's Second Amended Complaint and Defendants' Answer thereto:

> 14.   Plaintiff's time was recorded on a weekly basis, along with the times of other hourly workers assigned to Defendants' customers, and she and others were paid for this time at straight time hourly rates only.

Doc. 15, p. 5.

> 14.   Defendants admit the factual averments contained in paragraph 14 of Plaintiff's Second Amended Complaint.

Doc. 16, p. 6.

6.   While employed by Defendant EOG, Plaintiff Sims was a non-exempt employee eligible for overtime compensation. Doc. 15, Second Amended Complaint, ¶ 22; Doc. 16, Defendants' Answer, ¶ 22; *See also* these excerpts cut respectively from Plaintiff's Second Amended Complaint and Defendants' Answer thereto:

> 22.   Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff Sims. Accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA.

Doc. 15, p. 6.

> 22. For purposes of this Answer, Defendants would state that, upon information and belief, FLSA contains exemptions for certain categories of employees for overtime pay obligations and would further admits that none of said categories of employees are the subject or relevant to Plaintiff's allegations. For further purposes of this Answer, Defendants would deny the remaining portion of paragraph 22 of Plaintiff's Second Amended Complaint and demand strict proof thereof.

Doc. 16, p. 8.

7. Plaintiff Sims never was paid overtime compensation for work performed over forty (40) hours in a week. Doc. 25-1, Amended Declaration of M. Sims, p. 2 at ¶ 10.

8. Defendant EOG owes Plaintiff Sims overtime pay for hours worked over forty (40) in a week. See Doc. 19, p. 4 and excerpt below therefrom:

> <u>Defendants' synopsis</u>: Defendants Event Operations Group, Inc., and Mike Jones deny a willful violation of the Fair Labor Standards Act, and thus deny liability for liquidated damages, while agreeing that Defendant EOG in fact unintentionally owed overtime pay to Plaintiff Sims for hours worked in excess of 40 within a week. Defendants deny willfulness, intentional conduct, or retaliatory conduct. Defendants reserve the right to assert Plaintiff engaged in conduct violative of her employment agreement.

9. Defendant EOG failed to pay Plaintiff Sims for 260.50 hours of overtime compensation during 2017 totaling $1,172.25. Doc. 25-1, Amended Declaration of M. Sims at p. 5, ¶ 15.

10. Defendant EOG failed to pay Plaintiff Sims for 260.50 hours of overtime compensation during 2016 totaling $968.00. Doc. 25-1, Amended Declaration of M. Sims at p. 5, ¶ 16.

11. Defendant EOG owes Plaintiff Sim's overtime compensation totaling $2,140.20, *supra* at ¶¶ 9-10.

12. Defendant Mike Jones is the owner and a corporate officer of Defendant EOG. Doc. 15, Second Amended Complaint, ¶ 10; Doc. 16, Defendants' Answer, ¶ 10; *See also* these excerpts cut respectively from Plaintiff's Second Amended Complaint and Defendants' Answer thereto:

> 10. By virtue of Defendant Jones' status as an owner and corporate officer of Defendant EOG and his day-to-day control of its operations and finances, Defendant Jones was Plaintiff's employer, co-employer, and or joint employer under the FLSA.

Doc. 15, p. 3.

> 10. Admit averments of paragraph 10 of Plaintiff's Second Amended Complaint.

Doc. 16, p. 5.

13. Defendant Mike Jones controls the day-to-day operations of Defendant EOG. *Id.*

14. Defendant Mike Jones controls the finances of Defendant EOG. *Id.*

15. Included in Defendant Mike Jones financial or operational control of Defendant EOG, was control over employee compensation. Doc. 15, Second Amended Complaint, ¶ 11(a); Doc. 16, Defendants' Answer, ¶ 11(a).

16. Defendant Mike Jones could direct Defendant EOG to compensate Plaintiff Sims under the FLSA, or not compensate her under the law. Doc. 15, Second Amended Complaint, ¶ 11(b); Doc. 16, Defendants' Answer, ¶ 10(b).

17. Defendant Mike Jones admits it employed Plaintiff Sims too under the FLSA. Doc. 15, Second Amended Complaint, ¶ 10; Doc. 16, Defendants' Answer, ¶ 10; *See also* these excerpts cut respectively from Plaintiff's Second Amended Complaint and Defendants' Answer thereto:

> 10. By virtue of Defendant Jones' status as an owner and corporate officer of Defendant EOG and his day-to-day control of its operations and finances, Defendant Jones was Plaintiff's employer, co-employer, and or joint employer under the FLSA.

Doc. 15, p. 3.

> 10. Admit averments of paragraph 10 of Plaintiff's Second Amended Complaint.

Doc. 16, p. 5.

18. Defendant EOG was investigated by a government agency regarding claims of unpaid overtime compensation similar to those Plaintiff alleges. Doc. 25-2, Defendants' Discovery Responses, Response to Interrogatory No. 3.

19. Defendant EOG was sued by employees holding positions similar to Plaintiff's wherein Defendant EOG acknowledge it understood employees in those positions are non-exempt and eligible for overtime compensation. Doc. 25-3, Motion for Settlement Approval, p. 2, ¶ 4.

### III. ARGUMENT IN SUPPORT OF SUMMARY JUDGMENT

#### A. DEFENDANT EOG OWES PLAINTIFF SIMS UNPAID OVERTIME COMPENSATION

The FLSA is a strict-liability statute and once the Plaintiff Sims establishes her *prima facie* showing, liability exists and damages are mandatory unless Defendant EOG can prove a defense, an exemption to the overtime requirements of the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1269 (11th Cir. 2008); *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1263 (5th Cir. 1986) (discussing amendment of the FLSA's liquidated damage provisions and describing violations of the FLSA as "strict liability" offenses); See also *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259. 267 (5th Cir. 1999) (citing *LeCompte v. Chrysler Credit Corp.*).

The FLSA requires employers pay employees one and one half (1 ½) times their regular rate of pay for hours worked over a 40-hour workweek. 29 U.S.C. § 207(a)(1); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1156 (11th Cir. 2008); *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Morgan*, 551 F.3d at 1265. To prove their *prima facie* case, Plaintiff Sims must demonstrate: (1) Defendant EOG employed her; (2) Defendant EOG was an enterprise engaged in interstate commerce

covered by the FLSA; (3) she worked over forty (40) hours in a workweek during the liability period; and (4) Defendant EOG did not pay her overtime wages to for work performed over forty (40) hours in a week.   *Morgan*, 551 F.3d at 1277 n.69.

Based on Defendant's representations, admissions, and discovery responses, Plaintiff Sims can irrefutably establish she was employed by EOG (*supra* Pltf's SOF at ¶ 1), Defendant EOG was an enterprise engaged in commerce for purposes of the FLSA  (Pltf's SOF at ¶ 3), Plaintiff Sims was paid on an hourly basis for all hours worked (Pltf's SOF at ¶ 5), Plaintiff Sims worked no less than 483.25 overtime hours during the weeks she was employed (Pltf's SOF at ¶¶ 9-10), and Defendant EOG did not pay Plaintiff Sims at appropriate rates for this overtime work (Pltf's SOF at ¶ 7).  No exemption to the FLSA applies and as such based on its own admissions and calculations Defendant EOG owes Plaintiff Sims $2,140.25 in unpaid overtime compensation.   Pltf's SOF at ¶¶ 7, 8-11.

Plaintiff Sims asks this Court to grant summary judgment in her favor on Defendant EOG's liability to her for unpaid overtime damages totaling $2,140.25, plus an amount for reasonable attorneys' fees and costs to be determined later.

### B.   DEFENDANT EOG OWES PLAINTIFF SIMS LIQUIDATED DAMAGES

With the Court's granting of summary judgement on Plaintiff' Sims' claim for unpaid overtime compensation, she asks this Court also grant her summary judgment on the issue of liquidated damages and award her an additional $2,140.25 as such. Where a plaintiff's motion for summary judgment is pending before the court and the court

concludes the defendant has violated the FLSA, the issue of liquidated damages is ripe for consideration. *Meeks v. Nocco*, 2016 U.S. Dist. LEXIS 115261, 21-22 (M.D. Fla. Aug. 29, 2016).

An employer who seeks to avoid liquidated damages must prove its violation of the FLSA was both in good faith and predicated upon such reasonable grounds as to make it unfair to impose more than a compensatory verdict.'" *C.D. Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (quoting *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1352-53 (5th Cir. 1980), cert. denied, 449 U.S. 1077, 101 S. Ct. 857, 66 L. Ed. 2d 800 (1981)). The FLSA provides in pertinent part: Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). Section 260 provides that: In any action . . . to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], if the employer shows to the satisfaction of the court that the act or omission causing such action was in good faith and that he had reasonable grounds for believing that his act or omission did not violate the Fair Labor Standards Act of 1938, as amended, the court may in its sound discretion award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.29 U.S.C. § 260.

An employer who knew or had reason to know that the FLSA applied cannot establish good faith as a defense. *Perez v. Palermo Seafood, Inc.*, 548 F. Supp. 2d 1340, 1350 (S.D. Fla. 2008). The district court's discretion to award liquidated damages is not discretionary until the employer carries its burden of proving good faith, in other words, liquidated damages are mandatory absent a showing of good faith." *Id.* Ignorance is not a defense to liability for liquidated damages, and an employer may not rely on ignorance alone as reasonable grounds for believing that its actions were not in violation of the Act. *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468-69 (5th Cir. 1979); *Holder v. MJDE Venture, LLC*, 2009 U.S. Dist. LEXIS 111353, 12-13 (N.D. Ga. Nov. 30, 2009). Good faith specifically requires some duty to investigate potential liability under the FLSA. *Barcellona*, 597 F.2d at 468-69. Even inexperienced businessmen cannot claim good faith when they blindly operate a business without making any investigation as to their responsibilities under the labor laws. *Id.*

Defendant EOG cannot carry its burden because the irrefutable facts establish it knew or had reason to know that the FLSA covered Plaintiff Sims and her work. Defendant EOG has been investigated by a government agency for this very issue in the past and multiple employees similar to Plaintiff Sims have sued Defendant EOG successfully alleging and resolving these same claims. Pltf's SOF at ¶¶ 18-19. As such, an award of liquidated damages in mandatory.

### C.   DEFENDANT MIKE JONES EMPLOYED PLAINTIFF SIMS TOO

Defendant Mike Jones, in his individual capacity, employed Plaintiff Sims. The Supreme Court has observed that the definition of an employment relationship is "the broadest definition that has ever been included in any one Act." *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3, 65 S. Ct. 295, 296 n. 3, 89 L. Ed. 301 (1945) (quoting 81 Cong. Rec. 7656-57 (1937) (statement of Sen. Hugo Black)). See also *Patel v. Quality Inn South*, 846 F.2d 700, 702 (11th Cir. 1988). The overwhelming weight of authority is that a corporate officer with operational control of a corporation's day-to-day operations, including compensation of employees or other matters in relation to an employee, is an employer under the FLSA along with the corporation. *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986); *see also Bujalski v. Kozy's Rest., Inc.*, 2017 U.S. Dist. LEXIS 1403, at *8 (N.D. Ala. Jan. 5, 2017); *Click v. Holland Delivery Sols., LLC*, 2012 U.S. Dist. LEXIS 155853, at *19-20 (N.D. Ala. Oct. 31, 2012). Even a co-owner's occasional control of the day-to-day business operations will bring the co-owner within the FLSA definition of an employer. *Olivas v. A Little Havana Check Cash, Inc.*, 324 Fed. App'x 839, 845-46 (11th Cir. 2009); *see also Donovan v. Janitorial Servs., Inc.*, 672 F.2d 528, 531 (5th Cir. 1982) (stating that occasional control does not diminish the significance of such control).

It is undisputed Defendant Mike Jones was a) an owner and corporate officer of Defendant EOG (Pltf's SOF at ¶ 12), b) with control over its day-to-day operations and finances, including employee compensation (Pltf's SOF at ¶¶ 13-16), and he employed Plaintiff Sims (Pltf's SOF at ¶ 17). Consequently, Plaintiff Sims asks this

Court to grant summary judgment in her favor finding Defendant Mike Jones is her employer under the FLSA.

### D. DEFENDANT MIKE JONES OWES PLAINTIFF SIMS UNPAID FLSA DAMAGES

A corporate officer deemed an employer under the FLSA is jointly and severally liable for statutory unpaid wages. *Patel v. Wargo,* 803 F.2d at 637-38. Appropriately, Plaintiff Sims also asks this Court to grant summary judgment in her favor finding Defendant Mike Jones is jointly and severally liable for the unpaid overtime compensation, liquidated damages, attorneys' fees and costs made the subject of this motion, *supra* at pages 12-16.

### IV. CLOSING

Plaintiff has established the undisputed facts show Defendant EOG is liable for her unpaid overtime compensation totaling $2,140.25, plus an equal amount ($2,140.25) as liquidated damages. The undisputed facts establish both Defendant EOG and Defendant Jones were Plaintiff's employers for purposes of the FLSA and as such Defendant Jones is personally jointly and severally liable for Plaintiff Sims FLSA damages. Based on the forgoing, Plaintiff Sims requests this Court enter an order granting summary judgment in her favor on her unpaid overtime claims, claim for liquidated damages and her claim that both Defendant EOG and Defendant Jones are responsible for the payment of those amount damages.

Dated: August 20, 2018                           Respectfully submitted,

/s/ *Robert J. Camp*
**ROBERT J. CAMP**
rcamp@wigginschilds.com
***Counsel for Plaintiffs***

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone:   (205) 314-0500
Facsimile:    (205) 254-1500

## **CERTIFICATE OF SERVICE**

I certify that on this the 20th day of August, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM.ECF system which will send notification of such filing to the following:

Frederick M. Garfield
Attorney for Defendants EOG
Spain & Gillon, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, Alabama 35203
fmg@spain-gillon.com
Phone: (205) 328-4100

*/s/ Robert J. Camp*
**ROBERT J. CAMP**